IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

       v.

**RYAN FRANK BONNEAU,**

       Defendant.

No. 3:17-cr-00398-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

Mr. Bonneau is a prisoner who pleaded guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A. Mr. Bonneau now moves to vacate or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, I DENY Mr. Bonneau's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255 [116].

## DISCUSSION

Mr. Bonneau asserts four claims for relief. He alleges that (1) the judgment and commitment order does not match the oral pronouncement and fails to contain the correct language to effect the oral sentence imposed, (2) the Bureau of Prisons (BOP) is not executing the sentence as it was pronounced, (3) trial counsel was ineffective for not ensuring that the judgment contained the language necessary to effect a sentence of home confinement, and (4) trial counsel was ineffective for failing to file two motions: a motion to suppress and a motion to dismiss the indictment on a charge that was ultimately dismissed pursuant to his plea agreement.

## A. First and Second Claims for Relief: Execution of the Sentence

A prisoner can claim relief under 28 U.S.C. § 2255 on only four grounds: that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

> While the statutory language is rather general, the Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. Such claims are properly brought under § 2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." The error must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."

*Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (citations omitted) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Mr. Bonneau's first and second claims do not allege constitutional or jurisdictional errors. Nor does his sentence exceed the maximum authorized by law: the statute under which Mr. Bonneau pleaded requires a two-year term of imprisonment, which is the length of his sentence. 18 U.S.C. § 1028A(a)(1).

Mr. Bonneau does not challenge the length of his sentence, but rather how much of his two-year sentence he may serve in home detention. The Sentencing Guidelines permit home detention "as a condition of probation or supervised release, but only as a substitute for imprisonment." U.S. Sentencing Guidelines Manual § 5F1.2 (U.S. Sentencing Comm'n 2018). The statute under which Mr. Bonneau pleaded does not permit a sentence of probation. 18 U.S.C. § 1028A(b)(1). Separate from the Guidelines, the BOP has the authority to place a prisoner in home confinement for the last ten percent of a sentence or six months, whichever is

shorter. 18 U.S.C. § 3624(c)(2). In this case, the statute permits the BOP to place Mr. Bonneau in home confinement for a maximum of 2.4 months.

Mr. Bonneau's argument that Sentencing Guideline § 5C1.1(e)(3) authorizes a sentence under 18 U.S.C. § 1028A in which ten months are served in home confinement ignores the way the schedule of substitute punishments is applied to sentences. The punishments in § 5C1.1(e) may be substituted for imprisonment to satisfy the minimum term for guideline ranges in Zones A and B. *See* U.S. Sentencing Guidelines Manual § 5C1.1(c), (d) (U.S. Sentencing Comm'n 2018). Mr. Bonneau was sentenced according to the requirements of 18 U.S.C. § 1028A, not according to the Guidelines. Even if he were sentenced under the Guidelines, the punishments in § 5C1.1(e) may only be substituted for a sentence of probation or a term supervised release. *Id.* Mr. Bonneau's two-year term of imprisonment is not eligible for a substitute punishment. Because Mr. Bonneau's sentence is being served as prescribed by statute, I do not find that the BOP's execution of the sentence amounts to "a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Knight*, 37 F.3d at 772. The BOP's execution of his sentence is not, therefore, "otherwise subject to collateral attack" in a § 2255 motion.

Mr. Bonneau's first and second claims do not advance a theory for relief that is permitted under § 2255. Therefore, I deny his Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255 [116] on Claims One and Two.

B.  Third and Fourth Claims for Relief: Ineffective Assistance of Trial Counsel

Mr. Bonneau claims that his trial counsel was ineffective in two ways. First, in Claim Three, he states that his trial counsel should have ensured that language was included in the judgment that would permit him to serve ten months of his sentence in home confinement.

Second, in Claim Four, he argues that his trial counsel should have filed two motions: a motion to suppress evidence and a motion to dismiss the indictment on a charge that was ultimately dismissed as part of his plea agreement.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was "deficient" and (2) that the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test is "applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

To satisfy *Strickland*'s prejudice prong, a movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* In the case of a plea, a defendant is prejudiced if, but for the deficient performance, he would have "gone to trial or received a better plea bargain." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (2015); *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

Mr. Bonneau does not establish prejudice resulting from trial counsel's failure to ensure that his sentence included language that would enable the BOP to facilitate ten months of home confinement. As discussed above, no amendment of the sentence would have permitted the BOP to place Mr. Bonneau in home confinement for ten months. The result of the plea process would have been no different had trial counsel included the language Mr. Bonneau now proposes.

Therefore, Mr. Bonneau was not prejudiced by trial counsel's performance as alleged in Claim Three.

I also find that Mr. Bonneau was not prejudiced by the allegations of deficient performance alleged in Claim Four. Mr. Bonneau filed a Motion to Suppress [35] and a motion in which he argued that the indictment should have been dismissed for lack of jurisdiction [32]. Claim Four asserts that his trial counsel was ineffective for failing to file these same motions. To demonstrate prejudice, Mr. Bonneau must show that there is a reasonable probability he would not have accepted the plea deal if his trial counsel had filed these motions. Even assuming that there was a sound legal basis for these motions, Mr. Bonneau was not prejudiced by his counsel's inaction when, after filing the motions himself, he chose to plead guilty. There is no reasonable basis to believe that Mr. Bonneau would have chosen differently or received a better plea bargain if his trial counsel had filed these motions instead.

Because Mr. Bonneau cannot establish prejudice arising from the ineffective assistance of counsel alleged in either Claim Three or Claim Four, I find that he has not stated a claim upon which relief can be granted under 18 U.S.C. § 2255.

B.    Evidentiary Hearing

When a movant brings a § 2255 motion, he is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has "characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.' " *Id.* (quoting *Schaflander*, 743 F.2d at 717). Accordingly, a hearing must be granted "unless the movant's

allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.2d at 717.

For the reasons stated above, I find that Mr. Bonneau's first and second claims are not cognizable under 28 U.S.C. § 2255. I also find that Mr. Bonneau's third and fourth claims, based on the alleged ineffective assistance of his trial counsel, fail to state a claim on which relief can be granted. The fundamental flaws in these claims conclusively demonstrate that Mr. Bonneau is not entitled to relief and, therefore, that no evidentiary hearing is required.

## CONCLUSION

For the reasons stated above, Mr. Bonneau's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255 [116] is DENIED.

IT IS SO ORDERED.

DATED this ___ day of February, 2019.

MICHAEL W. MOSMAN
Chief United States District Court Judge